## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

JAMES M. MANNING, on behalf of himself )
and all others similarly situated, )
                                  )
            Plaintiff, )
                                  )
        v. )         C.A. No. 23-271-MN
                                  )
EIDP, INC. f/k/a E.I. du Pont de Nemours and )
Company, THE ADMINISTRATION )
COMMITTEE OF THE DUPONT PENSION )
AND RETIREMENT PLAN and JOHN/JANE )
DOES 1-5, )
                                  )
            Defendants. )

## REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

## PLAINTIFF'S CLASS ACTION COMPLAINT

**TABLE OF CONTENTS**

**INTRODUCTION** ............................................................................................................... 1

**ARGUMENT** ...................................................................................................................... 1

**I.    COUNT I AND COUNT II SHOULD BE DISMISSED AS UNTIMELY.** ..................... 1

A.    Plaintiff Asserts a Legal Claim Subject to a One-Year Statute of Limitations. ................. 1
B.    Plaintiff's Claim for Benefits Should be Dismissed as Untimely Under the One-Year
Limitations Period.................................................................................................................. 4
C.    Count II Should Be Dismissed as Untimely. ...................................................................... 6

**II.   COUNT I FAILS TO STATE A CLAIM.** ........................................................................... 7

**III.  COUNT II FAILS TO STATE A CLAIM.** .......................................................................... 9

**CONCLUSION** ................................................................................................................... 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Artistic Carton Co. v. Paper Indus. Union-Mgmt. Pension Fund*,
　971 F.2d 1346 (7th Cir. 1992) ...............................................................................................8

*Dix v. Total Petrochemicals USA, Inc.*,
　540 F. App'x 130 (3d Cir. 2013) .........................................................................................5, 6

*DuBuske v. PepsiCo, Inc.*,
　No. 18 CV 11618, 2019 WL 4688706 (S.D.N.Y. Sept. 25, 2019), *vacated on
　other grounds*, No. 18 CV 11618, 2019 WL 5864995 (S.D.N.Y. Nov. 8, 2019).....................9

*Koert v. GE Grp. Life Assur. Co.*,
　231 F. App'x 117 (3d Cir. 2007) ...........................................................................................6

*Kraft v. WisdomTree Investments, Inc.*,
　145 A.3d 969 (Del. Ch. 2016)................................................................................................3

*Lehman Bros. Holdings Inc. v. Spanish Broad. Sys., Inc.*,
　No. 8321-VCG, 2014 WL 718430 (Del. Ch. Feb. 25, 2014), *aff'd*, 105 A.3d
　989 (Del. 2014) .................................................................................................................2, 3

*Masten v. Metro. Life Ins. Co.*,
　543 F. Supp. 3d 25 (S.D.N.Y. 2021)......................................................................................6

*Miller v. Fortis Benefits Insurance Co.*,
　475 F.3d 516 (3d Cir. 2007)................................................................................................5, 6

*Nationwide Mutual Insurance Co. v. Starr*,
　575 A.2d 1083 (Del. 1990) ...................................................................................................3

*Osberg v. Foot Locker, Inc.*,
　862 F.3d 198 (2d Cir. 2017).................................................................................................4, 5

*Paul v. RBC Cap. Markets LLC*,
　No. C16-5616, 2018 WL 3630290 (W.D. Wash. July 31, 2018) ...........................................10

*Sec'y of Lab. v. Macy's, Inc.*,
　No. 17-CV-541, 2022 WL 407238 (S.D. Ohio Feb. 10, 2022) ............................................10

*Skinner v. E.I. Du Pont de Nemours & Co.*,
　No. 07-384-SLR, 2008 WL 2942145 (D. Del. July 30, 2008) ...............................................4

*Thole v. U. S. Bank N.A*,
　140 S. Ct. 1615 (2020)...........................................................................................................2

*Vernau v. Vic's Market, Inc.*,
  896 F.2d 43 (3d Cir. 1990)..................................................................................................4

*Vinson & Elkins v. C.I.R.*,
  7 F.3d 1235 (5th Cir. 1993) ...............................................................................................8

*Williams v. Verizon New Jersey, Inc.*,
  No. 2:19-09350, 2020 WL 1227663 (D.N.J. Mar. 12, 2020) ...........................................9

**Statutes and Rules**

10 *Del. C.* § 8106 ...............................................................................................................4

10 *Del. C.* § 8111 ........................................................................................................2, 3, 4

26 C.F.R. § 1.401(a)-20, Q&A-16 .......................................................................................7

29 U.S.C. § 1053.............................................................................................................1, 9

29 U.S.C. § 1055....................................................................................................1, 2, 7, 8

29 U.S.C. § 1104(a)(1)(D) ................................................................................................10

29 U.S.C. § 1132(a)(3)....................................................................................................3, 4

ERISA § 502(a)(3)..............................................................................................................2

**INTRODUCTION**

Plaintiff is receiving precisely the benefits he was promised under the terms of the Plan. Plaintiff nonetheless seeks greater benefits on the basis of his allegation that the Plan's terms violate ERISA. Plaintiff's claims are time-barred because he failed to file his Class Action Complaint (the "Complaint") within the relevant limitations periods: a one-year limitations period for his statutory violation claim and a three-year limitations period for his claim of fiduciary breach.

Plaintiff's claims also fail because his benefits are not protected by either of the statutory provisions he invokes. Plaintiff fails to allege that he is receiving a QJSA or QOSA as protected by 29 U.S.C. § 1055, and he fails to allege that he is receiving less than his normal retirement benefit attained upon normal retirement age as protected by 29 U.S.C. § 1053. Moreover, Plaintiff's claims fail for the additional reason that they do not plausibly allege that the Plan's actuarial assumptions are unreasonable. Plaintiff instead merely observes that using a set of actuarial assumptions specified for a different form of payment, which Plaintiff does not receive, would produce a greater monthly benefit amount than he receives now. That observation is insufficient to plausibly allege that the Plan's assumptions are unreasonable.

Finally, Plaintiff's breach of fiduciary duty claim is fully derivative of his failed statutory claims. Regardless, a claim of fiduciary breach must be based on more than allegations that a plan fiduciary faithfully administered a plan provision that violates ERISA. Plaintiff's is not.

**ARGUMENT**

**I.     COUNT I AND COUNT II SHOULD BE DISMISSED AS UNTIMELY.**

**A.     Plaintiff Asserts a Legal Claim Subject to a One-Year Statute of Limitations.**

To avoid the relevant statute of limitations, Plaintiff characterizes his statutory claims as "equitable claims" instead governed by the doctrine of laches. D.I. 12 at 7, 12.[1] Plaintiff claims he "does not assert a claim for benefits," but rather that he seeks only equitable remedies. *Id.*[2] That description ignores the Complaint's central contention that Defendants allegedly applied improper actuarial assumptions to Plaintiff's benefits, resulting in underpayment, D.I. 1 ¶ 78, and Plaintiff's request for an order requiring Defendants to "pay . . . amounts improperly withheld" and to "increase the amounts of … future benefits payments." *Id.* ¶ 10; *see also id.* at 34-35.

Plaintiff's claim is premised on the allegation that Defendants "improperly reduced," and caused a forfeiture of, the benefits he earned in violation of 29 U.S.C. §§ 1053(a) and 1055(d) by using allegedly inappropriate actuarial assumptions. *See id.* ¶¶ 25, 78, 90-91. To remedy this alleged violation, Plaintiff requests that the Court (1) recalculate higher payment amounts using appropriate assumptions, (2) order Defendants to compensate Plaintiff for past benefits allegedly improperly withheld, and (3) require Defendants to pay increased amounts for Plaintiff's future benefits. *See id.* ¶ 10. Because Plaintiff seeks increased benefits, the one-year statute of limitations period set forth under 10 *Del. C.* § 8111 applies.[3]  *See Lehman Bros. Holdings Inc. v. Spanish Broad. Sys., Inc.,* No. 8321-VCG, 2014 WL 718430, at *8 (Del. Ch. Feb. 25, 2014),

---

[1] Pincites to documents available on the docket refer to the ECF pagination.

[2] Were Plaintiff's own characterization correct, he would lack standing to bring this case. Plaintiff's standing derives from the fact that he alleges concrete monetary injury due to monthly payments he states he is eligible to receive using the purportedly correct actuarial assumptions. *See Thole v. U. S. Bank N.A*, 140 S. Ct. 1615, 1619 (2020) (holding that plaintiffs lacked standing to challenge pension plan mismanagement because the alleged harms had no effect on plaintiffs' monthly benefits).

[3] Plaintiff argues that he seeks only "'equitable relief' under ERISA § 502(a)(3)" and therefore only the doctrine of laches applies. D.I. 12 at 11-12. This is not so. Plaintiff's claims are properly categorized as legal claims seeking legal relief, and Plaintiff does not contest that the doctrine of laches does not apply to wholly legal claims. *Id.* at 11.

*aff'd*, 105 A.3d 989 (Del. 2014) ("Because … the relief requested by [] Plaintiff is legal in nature, the doctrine of laches is not applicable.").

Plaintiff argues that because he asserts his claim under 29 U.S.C. § 1132(a)(3), it is a claim for equitable relief to which no statute of limitations applies.  D.I. 12 at 5.  Even if Plaintiff's claim were truly equitable in nature (it is not), this Court should nonetheless apply Delaware's one-year limitations period.  Under Delaware law, courts apply the most analogous statute of limitations to equitable relief claims that seek legal relief.  *See Kraft v. WisdomTree Investments, Inc.*, 145 A.3d 969, 983 (Del. Ch. 2016) ("When an equitable claim seeks legal relief …, the Court also will apply the statute of limitations by analogy….").  Here, there can be no dispute that Plaintiff seeks quintessentially legal relief—*i.e.*, the payment of money.  Accordingly, the Court should apply 10 *Del. C.* § 8111, as that is the statute of limitations most analogous to Plaintiff's claims.[4]  *See id.*

*Nationwide Mutual Insurance Co. v. Starr*, 575 A.2d 1083 (Del. 1990), is not to the contrary.  There, the court determined that barring a contract reformation action by the doctrine of laches would contradict legislative intent specifically in relation to insurers' duty to offer certain additional coverage, circumstances specific to an insurance statute which have no bearing on Plaintiff's claims here.  *See id.* at 1088.  *Nationwide* does not stand for the broad proposition that no statutes of limitations apply to claims seeking equitable relief—an argument clearly rejected in subsequent cases like *Kraft*.

---

[4] Plaintiff does not disagree that "[f]or non-fiduciary claims, the applicable statute of limitations is that of the forum state claim most analogous to the ERISA claim at hand."  D.I. 12 at 11 (citation omitted).

Instead, *Skinner v. E.I. Du Pont de Nemours & Co.*, No. 07-384-SLR, 2008 WL 2942145, (D. Del. July 30, 2008), is instructive.  There, the plaintiff brought an action for a denial of benefits under 29 U.S.C. § 1132(a)(3).  *See id.* at *3.  The court applied the one-year limitations period set forth in 10 *Del. C.* § 8111 to that claim, noting that the claim was "for wages and benefits," and therefore that 10 *Del. C.* § 8111 was the most analogous state statute.  *Id.*; *see also Vernau v. Vic's Market, Inc.*, 896 F.2d 43, 45 (3d Cir. 1990) (finding a three-year statute of limitations from Pennsylvania's Wage Payment and Collection Law the most analogous to a claim for benefits in that state brought pursuant to 29 U.S.C. § 1132(a)(3), among other ERISA provisions).

Likewise here, Plaintiff brings claims for "wages and benefits" pursuant to 29 U.S.C. § 1132(a)(3) seeking increased future benefits payments as well as the "re-calculation, correction, and payment of SBOs benefits previously paid under the Plan."  D.I. 1 ¶¶ 92-94.  As in *Skinner*, the most applicable limitations period is the one-year period set forth by 10 *Del. C.* § 8111.  *See Skinner*, 2008 WL 2942145, at *1; D.I. 10 at 11-12.[5]

### B. Plaintiff's Claim for Benefits Should be Dismissed as Untimely Under the One-Year Limitations Period.

Applying the one-year limitations period, Plaintiff's Complaint, dated March 13, 2023, is untimely.  Plaintiff had "enough information available" that he "reasonably should [have] know[n]" of the alleged miscalculation by June 1, 2019—the date his benefits commenced.

---

[5] Even if the Court were to determine in the alternative that a three-year limitations period is appropriate under 10 *Del. C.* § 8106, which applies to actions "based on a statute," Plaintiff's claims fare no better.  The limitations periods for Plaintiff's claims had begun to run by June 1, 2019 and Plaintiff did not bring his Complaint until March 2023, approximately ten months past the end of a three-year limitations period.  *See* D.I. 1.

*Osberg v. Foot Locker, Inc.*, 862 F.3d 198, 206-07 (2d Cir. 2017) (internal quotations and citation omitted); D.I. 10 at 10-12.

Plaintiff argues that his claim did not accrue until he was given "the reduction factors, the underlying actuarial assumptions, and an actuary's analysis." D.I. 12 at 19. But this is precisely the sort of accrual rule that the Third Circuit rejected in *Miller v. Fortis Benefits Insurance Co.*, 475 F.3d 516, 522 (3d Cir. 2007). If the Court requires such extraordinary steps to trigger the limitations period, the result would create "effectively no limitation at all" because "a plaintiff could receive benefit checks for decades before deciding to investigate the accuracy of his award—a plaintiff could thereby trigger the statute of limitations at his own discretion, creating an indefinite limitations period." *Id.* As the *Miller* Court made clear, the statute of limitations begins to run upon "initial receipt of the erroneously calculated award." *Id.*

*Dix v. Total Petrochemicals USA, Inc.,* 540 F. App'x 130 (3d Cir. 2013), further illustrates the point. There, the plaintiff received a calculation of the actuarial value of his chosen benefit election and signed a form consenting to that benefit. *See id.* at 133. The plaintiff argued that that was insufficient to trigger the statute of limitations because he did not know, and had no reason to know, that the present value of a cost-of-living adjustment was not included in the lump-sum figure he was provided. *See id.* The Third Circuit rejected that argument, finding that he knew or should have known about his injury at the time he received the calculation and signed the consent form. *See id.* (noting that had plaintiff been "reasonably diligent," he "easily could have investigated whether that estimate [of his elected benefits] included the actuarial value of expected COLAs [cost-of-living adjustments]"). *Id.* at 134-35.

Like the plaintiff in *Dix*, Plaintiff here took no action at all after receiving his Benefit Election Form, which set forth his monthly benefit election amount. By June 1, 2019, Plaintiff

5

certified that he understood his elected payment option (including the amount), began receiving benefits, and then took no further action until filing his Complaint in March 2023.  D.I. 10 at 12; *see generally* D.I. 1.  Plaintiff cannot be considered "reasonably diligent" when he failed to take any action to question the benefit amount clearly set forth in his Benefit Election Form.  *Dix*, 540 F. App'x at 134-35.  The Court should reject his attempt to create an "indefinite limitations period," *Miller*, 475 F.3d at 522, and dismiss Plaintiff's benefits claim as untimely.

### C.     Count II Should Be Dismissed as Untimely.

Plaintiff's breach of fiduciary duty claim under Count II is also untimely.  Plaintiff again asks the Court to apply a knowledge standard that is more stringent than what is required under ERISA.  Plaintiff argues that he could not have had "actual knowledge of the [alleged] breach" until an actuary analyzed his benefits, which occurred in 2023.  D.I. 12 at 18-19 & n.7.  But that is not the standard.  In this Circuit, Plaintiff needed only have knowledge "of [the] material facts necessary to understand that some claim exists," *Koert v. GE Grp. Life Assur. Co.*, 231 F. App'x 117, 121 (3d Cir. 2007), which he had at the time he certified that he understood his benefits amounts and forms of benefit payments, certified that he "received a Notice of Rights and a description of [his] pension options, relative values and amounts payable," and began receiving his benefits.  D.I. 11-1 at 3.

When considering breach of fiduciary duty claims relating to actuarial assumptions, moreover, the Court can "reasonably infer that [Plaintiff] had knowledge of the alleged fiduciary breach as of, or soon after," the date that Plaintiff "received [his] first payment under the plan." *Masten v. Metro. Life Ins. Co.*, 543 F. Supp. 3d 25, 38 (S.D.N.Y. 2021).  Here, Plaintiff's benefits began on June 1, 2019.  D.I. 11-1 at 2.  Accordingly, the limitations period for Plaintiff's breach of fiduciary duty claim began to run on June 1, 2019.  *See Masten*, 543 F. Supp. at 38.

Plaintiff did not bring his Complaint until March 2023, approximately ten months past the end of the latest limitations period.  *See* D.I. 1.  The claim should therefore be dismissed as time-barred.

## II.      COUNT I FAILS TO STATE A CLAIM.

Plaintiff's statutory claims fail for three independent reasons.

*First*, Plaintiff fails adequately to plead a violation of 29 U.S.C. § 1055.  That statutory provision protects only two specific forms of benefits—*the* QJSA and *the* QOSA.  Section 1055(d) and its implementing regulations are clear that a Plan can have only one QJSA and one QOSA.  *See, e.g.*, 26 C.F.R. § 1.401(a)-20, Q&A-16 (if two or more annuities could qualify as a QJSA, "the plan must designate which *one* is the QJSA") (emphasis added); § 1055(d)(2)(B) (defining "*the* applicable percentage" of a Plan's QOSA based on the percentage of its QJSA) (emphasis added).

Plaintiff does not dispute that the Plan's QJSA is the 50% SBO.  *See* D.I 12 at 20.  Nor does he dispute that he did not elect to receive the 50% SBO.  *See* D.I. 1 ¶ 78; *see also* D.I. 12 at 9.  Instead, he argues that language in a disclosure document that other SBOs "also meet the requirements of a Qualified Joint and Survivor Annuity," *see* D.I. 1 ¶ 48, and the fact that the Plan did not obtain spousal consent when Plaintiff selected an option other than the Plan's QJSA transformed *every* SBO into a QJSA under 29 U.S.C. § 1055(d).  *See* D.I. 12 at 9.  This is incorrect.

The Complaint does not assert any claims based on the Plan's disclosures or any alleged failure to comply with ERISA's spousal consent rules, and any such violations would have no bearing on whether Plaintiff is receiving a QJSA as that term is used in 29 U.S.C. § 1055.  Plaintiff provides no support for his contention that the Plan's disclosures or spousal consent procedures have any impact whatsoever on the determination of the Plan's QJSA—which is a

pure question of statutory interpretation. Because Plaintiff is not receiving a QJSA as that term is used in 29 U.S.C. § 1055, he cannot state a valid claim under that statutory provision.

*Second*, Plaintiff fails to state a claim under 29 U.S.C. § 1055 because he does not plausibly allege that the Plan's actuarial assumptions fall outside the range of reasonable assumptions permissible under ERISA. Reasonableness is a "zone, not a point." *Artistic Carton Co. v. Paper Indus. Union-Mgmt. Pension Fund*, 971 F.2d 1346, 1351 (7th Cir. 1992). Plaintiff, however, makes no allegations about whether the Plan's actuarial assumptions result in benefit calculations that fall outside the "zone" of reasonableness. Instead, he relies on one specific set of actuarial assumptions set forth in Treasury regulations and alleges that any assumptions which do not result in the same or greater benefits must be unreasonable. D.I. 1 ¶ 64. But that "attempt to specify actuarial assumptions … for pension plans would in effect place these plans in a straitjacket." *Vinson & Elkins v. C.I.R.*, 7 F.3d 1235, 1238 (5th Cir. 1993). The mere fact that Plaintiff's preferred assumptions result in a slightly different benefit amount than the assumptions specified in the terms of the Plan is insufficient to plausibly allege that the Plan's assumptions fall outside the "zone of reasonableness."

This is especially clear here, where Congress has repeatedly declined to apply Plaintiff's preferred assumptions to annuity conversions, like the calculation at issue here. Congress has specified the precise assumptions that plans must use when converting annuity benefits to lump sums. But it has not required use of those assumptions when performing the annuity conversions addressed in 29 U.S.C. § 1055. In effect, Plaintiff invites the Court to apply those lump sum assumptions as mandatory minimums for purposes of 29 U.S.C. § 1055. Because Congress has repeatedly declined to do precisely that, the Court should reject Plaintiff's invitation.

*Third*, Plaintiff fails to allege a violation of ERISA's anti-forfeiture provision, 29 U.S.C. § 1053(a).  Plaintiff apparently does not contest this basis for dismissal as he does not address it in his opposition.[6]  Nonetheless, the claim fails on the merits.  To bring a claim under 29 U.S.C. § 1053(a), Plaintiff must plead facts sufficient to show that the Plan's actuarial assumptions "result in benefits that are not actuarially equivalent" to the benefits that Plaintiff "would have received [at normal retirement age]."  *DuBuske v. PepsiCo, Inc.*, No. 18 CV 11618, 2019 WL 4688706, at *4 n.4 (S.D.N.Y. Sept. 25, 2019), *vacated on other grounds*, No. 18 CV 11618, 2019 WL 5864995 (S.D.N.Y. Nov. 8, 2019).  The Plan's normal retirement age is age 65.  D.I. 11-2 at 9.  Plaintiff makes no allegations about what benefits he would have received had he retired at age 65.  Instead, he alleges only that the Plan's actuarial assumptions resulted in benefits that are less than he was entitled to receive at the time of his retirement at age 66.  *See* D.I. 10 at 15; D.I. 1 ¶¶ 7-10, 78-79.  Accordingly, Plaintiff cannot state a claim under 29 U.S.C. § 1053(a).

## III.    COUNT II FAILS TO STATE A CLAIM.

Plaintiff's breach of fiduciary duty claim should be dismissed for two reasons.  First, Plaintiff's fiduciary duty claim is entirely derivative of his statutory claims.  *See* D.I. 1 ¶¶ 95-105; D.I. 10 at 18.  Because Plaintiff does not plausibly allege any statutory claim under ERISA, his derivative breach of fiduciary duty claim necessarily fails.  *See, e.g.*, *DuBuske*, 2019 WL 4688706, at *5 (dismissing breach of fiduciary duty claim derived from failed ERISA claim).

Moreover, even if Plaintiff had plausibly alleged that the Plan's terms violate ERISA, fiduciaries do not breach their duties merely by administering a pension plan according to its

---

[6] Plaintiff's failure to oppose Defendants' motion to dismiss the complaint on this basis serves as an independent ground for dismissal of Plaintiff's claim under 29 U.S.C. § 1053(a).  *See Williams v. Verizon New Jersey, Inc.*, No. 2:19-09350, 2020 WL 1227663, at *11 (D.N.J. Mar. 12, 2020) ("A plaintiff concedes a claim when she fails to oppose arguments in support of a motion to dismiss it under Fed. R. Civ. P. 12(b)(6).").

written terms.  *See e.g.*, *Paul v. RBC Cap. Markets LLC*, No. C16-5616, 2018 WL 3630290, at *7 (W.D. Wash. July 31, 2018).  While Plaintiff is correct that ERISA requires fiduciaries to administer plans "in accordance with in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of [ERISA]," 29 U.S.C. § 1104(a)(1)(D), he does not allege any violation of that provision.  Instead, he attempts to read into Section 1104(a)(1)(D) a converse requirement to violate plan terms under certain circumstances that is simply missing from the plain language of the statute.  That proposed reading of the statute is contrary to its plain language and based on a "logical fallacy" that this Court should reject.  *Sec'y of Lab. v. Macy's, Inc.*, No. 17-CV-541, 2022 WL 407238, at *5 (S.D. Ohio Feb. 10, 2022).

## CONCLUSION

For the foregoing reasons, Plaintiff's Class Action Complaint should be dismissed in its entirety with prejudice.

Dated:  August 4, 2023

BARNES & THORNBURG LLP

By: _/s/ Chad S.C. Stover_
Chad S.C. Stover (I.D. #4919)
222 Delaware Avenue, Suite 1200
Wilmington, DE 19801
chad.stover@btlaw.com

COVINGTON & BURLING LLP
Christian J. Pistilli
Laura Flahive Wu
Robert Newman
Nicholas Pastan
850 Tenth Street, NW
Washington, DC 20001-4956
cpistilli@cov.com
lflahivewu@cov.com
rnewman@cov.com
npastan@cov.com

*Attorneys for Defendants*

10